UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| **MID-AMERICAN SALT, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | CASE NO: 1:22-cv-00388-HAB-SLC |
| | ) | |
| **AEGIS SYNDICATE 1225 AT LLOYD'S,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## OPINION AND ORDER

Before the Court is a Notice of Removal filed by Defendant, alleging that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. (ECF 1). Subject-matter jurisdiction is the first issue that must be addressed, *Baker v. IBP, Inc.*, 357 F.3d 685, 687 (7th Cir. 2004), and thus, the Court raises the issue *sua sponte*, pursuant to Federal Rule of Civil Procedure 12(h)(3).

Defendant's allegations in the Notice of Removal pertaining to the parties' citizenship are deficient. Defendant alleges that Plaintiff Mid-American Salt, LLC, is "a citizen of Indiana with its Articles of Organization filed in Indiana and its principal place of operation located [in Indiana]." (ECF 1 ¶ 6). However, a limited liability company's citizenship "for purposes of . . . diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998). Accordingly, the Court must be informed of the name and citizenship of each of the members of Plaintiff Mid-American Salt, LLC, to ensure that none of the members share a common citizenship with Defendant. *RTP LLC v. ORIX Real Est. Cap., Inc.*, 827 F.3d 689, 691-92 (7th Cir. 2016). Such citizenship must be "traced through multiple levels" for those members of Plaintiff who are a partnership or a limited liability company, as anything less can result in a remand for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock &*

*Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

Defendant Aegis Syndicate 1225 further alleges that it "is a syndicate member of UNDERWRITERS AT LLOYD's, LONDON SUBSCRIBING TO POLICY #19N36073005, which is a foreign entity of subscribing foreign insurers with its principal place of business located in London, England, United Kingdom." (ECF 1 ¶ 7). This allegation, too, is inadequate. The Seventh Circuit Court of Appeals has stated that "[a] syndicate that underwrites insurance through the exchange at Lloyd's can have hundreds of members (known as 'names'), located throughout the world . . . ." *Ind. Gas Co. v. Home Ins. Co.*, 141 F.3d 314, 316 (7th Cir. 1998). Accordingly, "underwriting syndicates must be treated as partnerships when determining their citizenships," and the Court must "[inquire] about the citizenship of each member ('name') of the defendant syndicates." *Certain Underwriters at Lloyd's London v. Fid. & Cas. Ins. Co. of N.Y.*, No. 89 C 0876, 1999 WL 181997, at *1 (N.D. Ill. Mar. 24, 1999) (citing *Ind. Gas Co.*, 141 F.3d at 319, 316). Accordingly, Defendant must affirmatively assert the identity and citizenship of every participating "name" of the syndicate. *See Montgomery v. Markel Int'l Ins. Co.*, 259 F. Supp. 3d 857, 870 (N.D. Ill. 2017) (finding insufficient a jurisdictional allegation that the "syndicate involved for Lloyd's in this matter . . . contains no corporations or individuals that are citizens of Illinois").

Further, in the event that any "name" is an unincorporated association, *see Intra Am. Metals, Inc. v. Certain Underwriters at Lloyd's London*, No. 1:13-cv-01117-SEB-MJD, 2014 WL 545899, at *3 (S.D. Ind. Feb. 7, 2014) ("In many cases, however, the 'name' is *itself* a business organization presumably comprising multiple individuals . . . ."), Defendant must trace its citizenship through all applicable layers of ownership to ensure that none of its members or

owners share a common citizenship with Plaintiff. *See Meyerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("[C]itizenship of unincorporated associations must be traced through however many layers of partners or members there may be." (citations omitted)).

As the party seeking to invoke federal diversity jurisdiction, Defendant bears the burden of demonstrating that the requirement of complete diversity has been met. *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). Defendant to date has failed to do so. Therefore, Defendant is ORDERED to supplement the record on or before November 21, 2022, by filing an amended notice of removal that properly alleges the citizenship of the parties for purposes of diversity jurisdiction.

SO ORDERED.

Entered this 7th day of November 2022.

> s/ Susan Collins
> Susan Collins
> United States Magistrate Judge