UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **MID-AMERICAN SALT, LLC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CASE NO: 1:22-cv-00388-HAB-SLC |
| ) | |
| **AEGIS SYNDICATE 1225 AT** ) | |
| **LLOYD'S,** ) | |
| ) | |
| **Defendant.** ) | |

## OPINION AND ORDER

On November 7, 2022, the Court found the diversity allegations in Defendant's Notice of Removal deficient in several aspects and ordered Defendant to file an amended notice of removal to remedy such deficiencies. (ECF 9). Defendant has now filed the amended notice of removal (ECF 13), but it still fails to remedy the deficiencies in their entirety.

The Court ordered Defendant to set forth "the identity and citizenship of every participating 'name' of the syndicate." (ECF 9 at 2). While Defendant does name its syndicate members in the amended notice of removal (ECF 13 ¶ 7), it fails to adequately identify each member's citizenship.

First, Defendant does not identify what type of entity each member is, such as a corporation, limited liability company, partnership, or unincorporated association. Nor is the form of each member always apparent from the entity's name. Consequently, the Court cannot discern what information is needed to determine all of the members' citizenships.

Further, for those members who appear to be corporations, Defendant alleges only their "[p]rincipal place of operation." (*Id.*). But a corporation is considered a citizen of the state by which it is incorporated *and* the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *N. Trust Co. v. Bunge Corp.*, 899 F.2d 591, 594 (7th Cir. 1990). Therefore,

Defendant must inform the Court of both of these required pieces of information for each syndicate member who is a corporation.

Finally, as to the citizenship of Plaintiff's members, an individual's citizenship is determined by his "domicile," not his "residence." *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("[R]esidence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the long run. An allegation of 'residence' is therefore deficient." (collecting cases)); *see also Winforge, Inc. v. Coachmen Indus., Inc.*, 691 F.3d 856, 867 (7th Cir. 2012). Consequently, to the extent Defendant is relying on the "residence" of Plaintiff's members to determine their citizenship (ECF ¶ 6), it should correct this in a second amended notice of removal.

To reiterate, Defendant bears the burden of demonstrating that the requirement of complete diversity has been met. (ECF 9 at 3 (citing *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997))). Accordingly, Defendant is ORDERED to further supplement the record on or before December 13, 2022, by filing a second amended notice of removal that properly alleges the citizenship of both parties for purposes of diversity jurisdiction.[1]

SO ORDERED. Entered this 29th day of November 2022.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge

---

[1] When doing so, Defendant should bear in mind that "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 n.1 (S.D. Ill. 2006) (citations omitted); *see also Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992); *Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004).